# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.

KENDELL JAMES CUSHON
    Defendant.

Case Number: 3:11-cr-37/LAC

## **ORDER OF DETENTION**

    The Defendant appeared before this Court for a detention hearing on Tuesday, October 10, 2023, pending a hearing to revoke Defendant's supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides that the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear that "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

    After considering the evidence proffered by the Defendant, and the evidence proffered by the Government, the Court finds Defendant is subject to supervised release pursuant to a Judgment in a Criminal Case and Defendant has not established by clear and convincing evidence that he is not a danger to the community or a risk of flight for the reasons stated on the record, including the following:

    In 2012, Defendant was initially sentenced to 120 months' imprisonment followed by 5 years of supervised release for conspiracy to distribute with intent to distribute 5 kg or more of a mixture containing cocaine. In April 2021, the Court adjudicated Defendant guilty of violating the terms and conditions of his release, revoked his release and sentenced him to 6 months' incarceration followed by 3

years of supervised release.¹  That supervised release period began on October 22, 2021.

The Amended Petition charges Defendant with the following violations:  (1) committing a new law violation, namely, on July 11, 2022, Defendant was arrested for domestic battery – strangulation; (2) committing a new law violation, namely, Defendant was arrested on July 14, 2022, for trafficking a controlled substance – oxycodone; possession of cannabis with intent to distribute, and resisting an officer without violence; and (3) committing a new law violation, namely, on August 12, 2022, Defendant resisted or impeded the United States Marshals Service by attempting to evade his arrest on the warrant issued by this Court.

Although Defendant was not prosecuted for the domestic battery charge and was found not guilty of the drug offenses, the Court finds probable cause that Defendant engaged in those violations.  First, with regard to the domestic battery charge, the arresting officer independently observed wounds on the victim's neck consistent with a strangulation.  Second, with regard to the drug offenses, the arresting officer observed a Nike shoe box at the location where Defendant had dropped items during his flight from officers, and a subsequent search revealed the box contained 261.5 grams of marijuana and 569 grams of oxycodone.  A search of Defendant during the arrest also revealed $3,250 in cash.  As for the third violation, the Court simply does not find it probable that Defendant ran from USMS Sterling because he was not aware Sterling was law enforcement.  This proffer is simply not believable given the circumstances, Defendant's history of running from law enforcement, and Defendant's subsequent failure to report to probation after the incident.

The Court further finds that given Defendant's significant criminal history as set forth in his presentence investigation report², which includes other instances of

---

¹ Defendant pled guilty to the following violations:  (1) leaving the district without permission; (2) lying to probation about having left the district; (3) lying about his whereabouts while on location monitoring with home confinement; (4) failing to submit his schedule to probation as part of his monitoring requirements; and (5) violating his home confinement restrictions in March and April 2021.

² Defendant's criminal history starts at the age of 15 when he was charged with culpable negligence for shooting fireworks towards an occupied residence, possession of cocaine and sell of marijuana.  Although he was initially given probation, Defendant violated it twice, including absconding from a moderate risk facility.  A few months after committing that crime, Defendant was charged with possession of cocaine and selling marijuana.  He was committed to a residential juvenile facility and after being placed on probation, violated the probation twice, including resisting arrest on two occasions, and was eventually committed to a high-risk facility.  Defendant was also convicted of resisting arrest and giving false information when he was 18, possession of marijuana at 19, and driving with license suspended at 20.  Defendant was indicted for the conspiracy offense at 21.

resisting law enforcement, and his prior violations of probation and supervised release, that Defendant has not shown by clear and convincing evidence that he will not pose a danger to the community or another person or be a risk of flight. Specifically, while Defendant argues he should be released on GPS monitoring, home detention, or a halfway house, the Court notes Defendant previously failed to abide by those exact conditions.

The Defendant is therefore DETAINED pending a final adjudication on the petition to revoke supervised release.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal.

Entered on October 10, 2023

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE